47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Irene NELSON, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 94-3635.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before RICH, RADER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Irene Nelson petitions for review of the August 4, 1994, decision of the Merit Systems Protection Board ("Board") Docket Number SF0432920750-B-1, upholding her removal from her job as a data transcriber for the United States Customs Service. The Customs Service removed her for unacceptable job performance -- unacceptably slow transcription of data with an unacceptably high number of errors. We affirm.
 
 DISCUSSION
 
 2
 As this court has explained in Lovshin v. Department of Navy, 767 F.2d 826, 834 (Fed. Cir. 1985), cert. denied, 475 U.S. 1111 (1986), "once an agency has set up an approved performance appraisal system, has communicated the written performance standards and 'critical elements' of an employee's position to the employee at the beginning of the appraisal period, has warned of inadequacies in 'critical elements' during the appraisal period, and has counselled and afforded an opportunity for improvement after proper notice, an agency may ... remove an employee for receiving a rating of 'unacceptable' with respect to even a single 'critical element."' (emphasis in original).
 
 
 3
 Here the Board found that the agency's performance appraisal system had been approved and that Ms. Nelson had been made aware of the critical elements for her position. After being informed of her unacceptable performance, Ms. Nelson was accorded a 60-day Performance Improvement Period ("PIP"). During the PIP, Ms. Nelson's supervisors regularly reviewed her work, informed her of her production and error rates, and discussed possible ways she could improve her performance. The Board found that Ms. Nelson had been given the opportunity to improve her performance, and that Ms. Nelson's performance during the PIP was unacceptable. In particular, Ms. Nelson committed a total of 103 transcription errors during the PIP, when only two would have been allowed for her to obtain at least a marginal rating. Ms. Nelson also failed to meet the required production rate on 13 of the 60 days of the PIP.
 
 
 4
 Ms. Nelson argues that her removal was based upon daily production rates rather than hourly rates, which were to be used to measure performance during the PIP. Daily rates, however, were simply another way of measuring average hourly rates in light of Ms. Nelson's own testimony that, during the PIP, she "sat at the desk for eight hours and just [did] steady input entries all day"; the use of daily rather than hourly rates therefore could not have affected the outcome of the PIP.
 
 
 5
 Ms. Nelson also argues that the Administrative Judge's rescheduling of the hearing date prejudiced her by depriving her of sufficient time to prepare for the rescheduled hearing with her new attorney. Ms. Nelson has provided no evidence of prejudice to support her claim, and there is no reason to believe that the change in the hearing date made it impossible for her new attorney to prepare for the hearing that was held in this case.